IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  24-CV-183

BRENDA GONZALEZ,

        Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

        Defendant.

# COMPLAINT

### INTRODUCTION

1. In 1978, Congress passed the Electronic Funds Transfer Act, 15 U.S.C § 1693 *et seq.* (the "EFTA") "to create rights for consumers in an era in which banking could be conducted almost exclusively through machines." *Wachter v. Denver Nat'l Bank*, 751 F. Supp. 906, 908 (D. Colo. 1990).  These rights were necessary because "[t]he absence of personal contact was seen as a disadvantage in an automated system that is much more vulnerable to fraud, embezzlement and unauthorized use than traditional payment methods." *Id.*  The purpose of the EFTA was "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b),   "The primary objective of [EFTA], however, is the provision of individual consumer rights." *Id.*

2. Plaintiff Brenda Gonzalez ("Plaintiff") brings this action to vindicate her rights under the EFTA.  Plaintiff maintains a personal checking account with Defendant JPMorgan

Chase Bank, N.A. (the "<u>Bank</u>").  Plaintiff attempted to withdraw $800.00 from an ATM owned and operated by the Bank.   The ATM did not dispense the cash to Plaintiff, which she was going to send to her uncle to pay for his medical care.  Instead, the ATM dispensed a receipt confirming that the Bank was not "able to give cash right now."  Nevertheless, the Bank debited Plaintiff's account and refused to credit Plaintiff's bank account permanently for the withdrawal that the Bank's own records show was not processed.  After multiple disputes under EFTA, the Bank willfully and erroneously concluded that the withdrawal was processed as authorized, caused Plaintiff's bank account to be overdrawn, and inhibited Plaintiff from sending money to her uncle for his medical care.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in the County of Arapahoe, State of Colorado.

6. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1693a(6).

7. Plaintiff is a "person", as that term is defined by 12 C.F.R. § 1005.2(j).

8. The Bank is a national banking association operating from an address of 1111 Polaris Parkway, Columbus, Ohio 43240.

9. The Bank is a "financial institution", as that term is defined by 15 U.S.C. § 1693a(9) and 12 C.F.R. § 1005.2(i).

## FACTS

2

10. Plaintiff has a demand deposit account, commonly referred to as a checking account, with the Bank (the "Checking Account").

11. Plaintiff uses her Checking Account primarily for personal, family, or household purposes.

12. The Checking Account is not held or established pursuant to a bona fide trust relationship.

13. The Checking Account is an "account", as that term is defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005(2)(b)(1).

14. On September 25, 2023, Plaintiff was attempting to withdraw money from her Checking Account.

15. The money she was trying to withdraw was to help her uncle pay for medical care.

16. Plaintiff went an ATM owned and operated by the Bank.

17. An ATM is an "electronic terminal", as that term is defined by 12 C.F.R. § 1005.2(h).

18. Plaintiff requested to withdraw $800.00 (the "Alleged Withdrawal").

19. The Alleged Withdrawal was not originated by check, draft, or similar paper instrument.

20. The Alleged Withdrawal was an "electronic fund transfers", as that term is defined by 15 U.S.C. § 1693a(7) and 12 C.F.R. § 1005.3(b).

21. The Alleged Withdrawal was initiated by using a debit card attached to Plaintiff's Checking Account.

22. The debit card as an "access device", as that term is defined by 12 C.F.R. § 1005.2(a)(1).

23. The ATM did not dispense any cash.

3

24. Instead, Plaintiff received the following receipt:



25. As confirmed by the above receipt, Plaintiff did not receive any funds from the Bank. In the Bank's words: "We aren't able to give cash right now." Nevertheless, the Bank debited Plaintiff's Checking Account for the Alleged Withdrawal.

26. Confused and upset that the Bank had debited her Checking Account without giving her any money, Plaintiff disputed the Alleged Withdrawal with the Bank.

27. Not to worry, the Bank said, this will all be corrected.

28. The Bank provisionally credited Plaintiff's checking account and permitted her to withdraw the funds she needed to help with her uncle's medical care.

29. Then the Bank allegedly did an investigation. At the conclusion of this alleged investigation, the Bank concluded the following:

4

We completed our research for the transaction(s) you reported on 09/26/2023.

**Here's what you should know**
- We found that the transaction(s) was processed according to the information you provided or was authorized.
- As a result, we are removing $800.00 from your account on or after 10/17/2023. If the account the claim is related to is no longer open with Chase, and you don't have an open account with Chase for us to debit, we may request you to repay the credit(s).
- Contact us if you would like to request the information we used for our research.

30. The foregoing is not an explanation of the Bank's findings.

31. At the time that the Bank concluded that the Alleged Withdrawal "was processed according to the information [Plaintiff] provided or was authorized", the Bank had a copy of the receipt referenced above. Below is a copy of the receipt that was retrieved from the Bank's website:



```
                    CHASE

09/25/23    06:47 PM            Card#_ 1531
AID# A0000000980840
Application: US DEBIT
1627 S HAVANA ST,
AURORA, CO
Term ID: CO0237
                                  _____
                                  Sequence# 1628

Withdraw from Chk Acct_6979         $800.00

        We aren't able to give cash right now.
          Please call us at 1-800-935-9935.
                         90002

            Banking at Chase has never been
                     so convenient.
         Access all of the online and mobile
              services included with your
                 checking account at:
                   Chase.com/MyChase
         Your satisfaction matters. Share your
         feedback at: chase.com/sendusfeedback

         JPMorgan Chase Bank, N.A. Member FDIC
```

5

32. The Bank could not have reasonably concluded that an error did not occur when it had documentation in its possession showing that the ATM was not able to dispense cash.

33. The Bank knowingly and willfully concluded that Plaintiff's Checking Account was not in error.

34. On information and belief, the Bank did not conduct any investigation following Plaintiff's notification of the error.

35. The Bank reviewed only the details of the transactions, such as where they occurred and which access device was used and did not gather any information to determine whether Plaintiff received the Alleged Withdrawal.

36. To the extent that the Bank did conduct an investigation following Plaintiff's notification of the error, the Bank did not conduct such investigation in good faith.

37. A good faith investigation would have entailed reviewing the actual, physical transactions to determine whether the ATM, owned and operated by the Bank, actually dispensed the cash.

38. A good faith investigation would have entailed reviewing the receipts in the Bank's possession stating that the ATM was not able to dispense cash.

39. A good faith investigation would have entailed reviewing the ATM video footage showing Plaintiff's frustration at not receiving the cash from the Alleged Withdrawal.

40. A good faith investigation would have entailed an accounting of the cash in the ATM compared to the withdrawals allegedly authorized.

41. To the extent that the Bank did conduct an investigation following the Plaintiff's dispute, the Bank did not have a reasonable basis for believing that the Plaintiff's account was not in error.

42. The Bank did not have a reasonable basis for believing that Plaintiff authorized the Alleged Withdrawal when the Bank had a copy of its own receipt showing that the ATM was unable to dispense cash.

43. The Bank knowingly and willfully concluded that Plaintiff's Checking Account was not in error but such conclusion could not reasonably have been drawn from the evidence available to the Bank at the time of its alleged investigation.

44. On information and belief, the Bank routinely denies similar claims by claiming that the withdrawal was authorized or processed in accordance with the account holder's directions.

45. The Bank incorrectly concluded that Plaintiff's Checking Account was not in error and the Alleged Withdrawal was processed.

46. The Bank then removed $800.00 from Plaintiff's Checking Account causing her account to be overdrawn.

47. After learning that her Checking Account was now overdrawn, Plaintiff contacted the Bank again disputing the Alleged Withdrawal.

48. In accordance with the Bank's instructions, Plaintiff faxed a copy of the ATM receipt stating that the ATM was not "able to give cash right now."

49. At the time the Bank requested this information, the Bank already had the information.

50. On information and belief, the Bank did not conduct any further investigation or otherwise comply with the requirements of 15 U.S.C. § 1693f upon receiving the receipt showing that the ATM did not dispense any cash to Plaintiff.

51. On December 2, 2023, Plaintiff sent a letter to the Bank notifying the Bank that she was disputing the Alleged Withdrawal; requesting an explanation why the Bank did not reverse the Alleged Withdrawal; and demanding that the Bank provide the documentation

7

the Bank relied upon in concluding that the alleged withdrawal "was processed according to the information [Plaintiff] provided or was authorized."

52. The Bank received this letter on December 11, 2023.

53. Receipt of the letter was confirmed by the USPS, tracking number 92071901324734001944258364.

54. Following receipt of the letter, the Bank did not conduct an investigation.

55. Following receipt of the letter, the Bank did not determine whether an error had occurred.

56. Following receipt of the letter, the Bank did not mail the results of such investigation and determination to Plaintiff.

57. Following receipt of the letter, the Bank did not provisionally recredit Plaintiff's Checking Account for the amount alleged to be in error.

58. Following receipt of the letter, the Bank did not explain its findings to Plaintiff.

59. Following receipt of the letter, the Bank did not promptly deliver or mail to Plaintiff reproductions of all documents that the Bank relied upon to conclude that an error did not occur.

## COUNT I
### (Violations of EFTA)

60. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

61. The Alleged Withdrawal is an "error" as that term is defined by 15 U.S.C. § 1693f(f) and 12 C.F.R. § 1005.11(a).

62. Plaintiff notified the Bank of the error in accordance with 15 U.S.C. § 1693f(a) and the Bank's express and accepted directions.

8

63. The Bank has failed to investigate the error, determine that an error has occurred, and report or mail the results of such investigation and determination within ten business days to Plaintiff in violation of 15 U.S.C. § 1693f(a).

64. The Bank has failed to provisionally recredit Plaintiff's accounts for the amount alleged to be in error, including interest as applicable, pending the conclusion of its investigation and its determination of whether an error has occurred in violation of 15 U.S.C. § 1693f(c).

65. The Bank has failed to deliver or mail to Plaintiff an explanation of its findings within three business days after the conclusion of its investigation in violation of 15 U.S.C. § 1693f(d).

66. The Bank has failed to deliver or mail to the Plaintiff all documents the Bank relied upon to conclude that an error did not occur in violation of 15 U.S.C. § 1693f(d).

67. Plaintiff is entitled to actual damages in an amount to be determined at trial. 15 U.S.C. § 1693m(a)(1).

68. Plaintiff is entitled to statutory damages in an amount of at least $100.00 and not more than $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A).

69. Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1693f(e)(1).

70. Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1693f(e)(2).

71. Plaintiff is entitled to her reasonable attorney fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brenda Gonzalez prays for relief and judgment against Defendant JPMorgan Chase Bank N.A., as follows:

1. Awarding her actual damages pursuant to 15 U.S.C. § 1693m(a)(1), trebled under 15 U.S.C. § 1693f(e);

2. Awarding statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1693(a)(2);

3. Awarding treble damages pursuant to 15 U.S.C. § 1693f(e)(1) and 15 U.S.C. § 1693f(e)(2);

4. Awarding reasonable attorney fees and costs incurred in this action, pursuant to 15 U.S.C. § 1693m(a)(3);

5. Awarding pre-judgment and post-judgment interest as may be allowed under the law; and

6. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 22, 2024

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com