**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00183-NYW-NRN

BRENDA GONZALEZ,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

---

**JPMORGAN CHASE BANK, N.A.'S ANSWER TO THE COMPLAINT**

---

Defendant JPMorgan Chase Bank N.A. ("Chase"), by and through undersigned counsel, submits its Answer to Plaintiff's Complaint as follows:

**INTRODUCTION**

1. In 1978, Congress passed the Electronic Funds Transfer Act, 15 U.S.C § 1693 *et seq.* (the "EFTA") "to create rights for consumers in an era in which banking could be conducted almost exclusively through machines." *Wachter v. Denver Nat'l Bank*, 751 F. Supp. 906, 908 (D. Colo. 1990). These rights were necessary because "[t]he absence of personal contact was seen as a disadvantage in an automated system that is much more vulnerable to fraud, embezzlement and unauthorized use than traditional payment methods." *Id.* The purpose of the EFTA was "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b), "The primary objective of [EFTA], however, is the provision of individual consumer rights." *Id.*

**RESPONSE:** The above-referenced statute and case law speak for themselves and Chase denies any misstatements, mischaracterizations of, and inconsistencies with the same in Paragraph 1 of the Complaint.

2.     Plaintiff Brenda Gonzalez ("Plaintiff") brings this action to vindicate her rights under the EFTA.  Plaintiff maintains a personal checking account with Defendant JPMorgan Chase Bank, N.A. (the "Bank").  Plaintiff attempted to withdraw $800.00 from an ATM owned and operated by the Bank.  The ATM did not dispense the cash to Plaintiff, which she was going to send to her uncle to pay for his medical care.  Instead, the ATM dispensed a receipt confirming that the Bank was not "able to give cash right now."  Nevertheless, the Bank debited Plaintiff's account and refused to credit Plaintiff's bank account permanently for the withdrawal that the Bank's own records show was not processed.  After multiple disputes under EFTA, the Bank willfully and erroneously concluded that the withdrawal was processed as authorized, caused Plaintiff's bank account to be overdrawn, and inhibited Plaintiff from sending money to her uncle for his medical care.

**RESPONSE:**  Chase is without sufficient information to know with certainty that Plaintiff herself attempted to withdraw $800.00 from an ATM owned and operated by Chase.  Chase admits that Plaintiff presented a receipt to Chase stating the ATM was not "able to give cash right now," claiming said receipt was dispensed by the ATM, and Plaintiff's account was debited.  Chase denies the remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

2

**RESPONSE**:  Admitted that 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331 grant federal courts jurisdiction over claims brought under 15 U.S.C. § 1693m.  Chase denies the allegations in Paragraph 3 of the Complaint to the extent that Plaintiff lacks standing to maintain her claim in the Complaint.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

**RESPONSE**:  Admitted.

## PARTIES

5. Plaintiff is a natural person who resides in the County of Arapahoe, State of Colorado.

**RESPONSE**:  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies the allegations.

6. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1693a(6).

**RESPONSE**:   The allegation in Paragraph 6 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Chase denies the allegation.

7. Plaintiff is a "person", as that term is defined by 12 C.F.R. § 1005.2(j).

**RESPONSE**:  The allegation in Paragraph 7 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Chase denies the allegation.

8. The Bank is a national banking association operating from an address of 1111 Polaris Parkway, Columbus, Ohio 43240.

**RESPONSE**:  The allegation in Paragraph 8 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Chase admits that it is a national banking association with its main office as indicated in Paragraph 8.

9. The Bank is a "financial institution", as that term is defined by 15 U.S.C. § 1693a(9) and 12 C.F.R. § 1005.2(i).

**RESPONSE**: The allegation in Paragraph 9 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Chase admits that it is a financial institution.

## FACTS

10. Plaintiff has a demand deposit account, commonly referred to as a checking account, with the Bank (the "Checking Account").

**RESPONSE:** Chase admits that Plaintiff held a Checking Account with Chase at the time of the incident but denies that she currently has a Checking Account.

11. Plaintiff uses her Checking Account primarily for personal, family, or household purposes.

**RESPONSE:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies the allegations.

12. The Checking Account is not held or established pursuant to a bona fide trust relationship.

**RESPONSE:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the allegations..

13. The Checking Account is an "account", as that term is defined by 15 U.S.C. §

1693a(2) and 12 C.F.R. § 1005(2)(b)(1).

**RESPONSE:** The allegation in Paragraph 13 of the Complaint constitutes a legal conclusion to which no response is required. To the extent a response is required, Chase admits that, at the time of the alleged ATM withdrawal, the Checking Account was an "account."

14. On September 25, 2023, Plaintiff was attempting to withdraw money from her Checking Account.

**RESPONSE:** Chase is without sufficient information to know with certainty that Plaintiff herself attempted to withdraw $800.00 from her Checking Account, but does not currently dispute this allegation.

15. The money she was trying to withdraw was to help her uncle pay for medical care.

**RESPONSE:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies the allegations.

16. Plaintiff went an ATM owned and operated by the Bank.

**RESPONSE:** Chase is without sufficient information to know with certainty that Plaintiff herself went to a Chase ATM.

17. An ATM is an "electronic terminal", as that term is defined by 12 C.F.R. § 1005.2(h).

**RESPONSE:** This paragraph contains a legal conclusion to which no response is required.

18. Plaintiff requested to withdraw $800.00 (the "Alleged Withdrawal").

5

**RESPONSE:** Chase is without sufficient information to know with certainty that Plaintiff herself requested to withdraw $800.

19. The Alleged Withdrawal was not originated by check, draft, or similar paper instrument.

**RESPONSE:** Chase admits the Alleged Withdrawal was not originated by check, draft, or similar paper instrument, as alleged.

20. The Alleged Withdrawal was an "electronic fund transfers", as that term is defined by 15 U.S.C. § 1693a(7) and 12 C.F.R. § 1005.3(b).

**RESPONSE:** This paragraph contains a legal conclusion to which no response is required.

21. The Alleged Withdrawal was initiated by using a debit card attached to Plaintiff's Checking Account.

**RESPONSE:** Chase admits the Alleged Withdrawal was initiated by using a debit card attached to Plaintiff's Checking Account, as alleged.

22. The debit card is an "access device", as that term is defined by 12 C.F.R. § 1005.2(a)(1).

**RESPONSE:** This paragraph contains a legal conclusion to which no response is required.

23. The ATM did not dispense any cash.

**RESPONSE:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies the allegations.

24. Instead, Plaintiff received the following receipt:



**RESPONSE:** Chase lacks knowledge or information sufficient to form a belief as to the authenticity of the above-referenced document, and therefore denies the allegation in Paragraph 24 of the Complaint.

25. As confirmed by the above receipt, Plaintiff did not receive any funds from the Bank. In the Bank's words: "We aren't able to give cash right now." Nevertheless, the Bank debited Plaintiff's Checking Account for the Alleged Withdrawal.

**RESPONSE:** Chase lacks knowledge or information sufficient to form a belief as to whether Plaintiff received cash from the ATM, and therefore denies the allegation.

26. Confused and upset that the Bank had debited her Checking Account without giving her any money, Plaintiff disputed the Alleged Withdrawal with the Bank.

7

**RESPONSE**: Chase admits that Plaintiff disputed the Alleged Withdrawal with the Bank. Chase lacks sufficient information to form a belief regarding the remaining allegations in Paragraph 26 of the Complaint, and therefore denies the allegations.

27.     Not to worry, the Bank said, this will all be corrected.

**RESPONSE**: Denied.

28.     The Bank provisionally credited Plaintiff's checking account and permitted her to withdraw the funds she needed to help with her uncle's medical care.

**RESPONSE**: Chase admits it provisionally credited Plaintiff's checking account and Plaintiff withdrew the provisionally credited funds from her account, but is without sufficient knowledge regarding the remaining allegations in Paragraph 28 of the Complaint.

29.     Then the Bank allegedly did an investigation. At the conclusion of this alleged investigation, the Bank concluded the following:

We completed our research for the transaction(s) you reported on 09/26/2023.

**Here's what you should know**
- We found that the transaction(s) was processed according to the information you provided or was authorized.
- As a result, we are removing $800.00 from your account on or after 10/17/2023. If the account the claim is related to is no longer open with Chase, and you don't have an open account with Chase for us to debit, we may request you to repay the credit(s).
- Contact us if you would like to request the information we used for our research.

**RESPONSE**: Chase admits it investigated Plaintiff's complaint. The above-referenced excerpted document speaks for itself, and Chase denies any misstatements, mischaracterizations of, or inconsistencies with, the same in Paragraph 29 of the Complaint.

30.     The foregoing is not an explanation of the Bank's findings.

**RESPONSE**: Denied.

8

31. At the time that the Bank concluded that the Alleged Withdrawal "was processed according to the information [Plaintiff] provided or was authorized", the Bank had a copy of the receipt referenced above. Below is a copy of the receipt that was retrieved from the Bank's website:

[SCREENSHOT OMITTED]

**RESPONSE**: Denied.

32. The Bank could not have reasonably concluded that an error did not occur when it had documentation in its possession showing that the ATM was not able to dispense cash.

**RESPONSE**: Denied.

33. The Bank knowingly and willfully concluded that Plaintiff's Checking Account was not in error.

**RESPONSE**: Denied.

34. On information and belief, the Bank did not conduct any investigation following Plaintiff's notification of the error.

**RESPONSE**: Denied.

35. The Bank reviewed only the details of the transactions, such as where they occurred and which access device was used and did not gather any information to determine whether Plaintiff received the Alleged Withdrawal.

**RESPONSE**: Denied.

36. To the extent that the Bank did conduct an investigation following Plaintiff's notification of the error, the Bank did not conduct such investigation in good faith.

**RESPONSE**: Denied.

37. A good faith investigation would have entailed reviewing the actual, physical

9

transactions to determine whether the ATM, owned and operated by the Bank, actually dispensed the cash.

**RESPONSE**: The allegations in Paragraph 37 of the Complaint constitute an opinion to which no response is required. To the extent a response is required, Chase denies the allegations.

38. A good faith investigation would have entailed reviewing the receipts in the Bank's possession stating that the ATM was not able to dispense cash.

**RESPONSE**: The allegations in Paragraph 38 of the Complaint constitute an opinion to which no response is required. To the extent a response is required, Chase denies the allegations.

39. A good faith investigation would have entailed reviewing the ATM video footage showing Plaintiff's frustration at not receiving the cash from the Alleged Withdrawal.

**RESPONSE**: The allegations in Paragraph 39 of the Complaint constitute an opinion to which no response is required. To the extent a response is required, Chase denies the allegations.

40. A good faith investigation would have entailed an accounting of the cash in the ATM compared to the withdrawals allegedly authorized.

**RESPONSE**: The allegations in Paragraph 40 of the Complaint constitute an opinion to which no response is required. To the extent a response is required, Chase denies the allegations.

41. To the extent that the Bank did conduct an investigation following the Plaintiff's dispute, the Bank did not have a reasonable basis for believing that the Plaintiff's account was not in error.

**RESPONSE**: Denied.

42. The Bank did not have a reasonable basis for believing that Plaintiff authorized the Alleged Withdrawal when the Bank had a copy of its own receipt showing that the ATM was

unable to dispense cash.

**RESPONSE**:  Denied.

43.     The Bank knowingly and willfully concluded that Plaintiff's Checking Account was not in error but such conclusion could not reasonably have been drawn from the evidence available to the Bank at the time of its alleged investigation.

**RESPONSE**:  Denied.

44.     On information and belief, the Bank routinely denies similar claims by claiming that the withdrawal was authorized or processed in accordance with the account holder's directions.

**RESPONSE**: Denied.

45.     The Bank incorrectly concluded that Plaintiff's Checking Account was not in error and the Alleged Withdrawal was processed.

**RESPONSE**: Denied.

46.     The Bank then removed $800.00 from Plaintiff's Checking Account causing her account to be overdrawn.

**RESPONSE**:  Chase admits it reversed the $800.00 provisional credit from Plaintiff's Checking Account as had been communicated to Plaintiff, and denies the remaining allegations in Paragraph 46 of the Complaint.

47.     After learning that her Checking Account was now overdrawn, Plaintiff contacted the Bank again disputing the Alleged Withdrawal.

**RESPONSE**:  Admitted.

48.     In accordance with the Bank's instructions, Plaintiff faxed a copy of the ATM

11

receipt stating that the ATM was not "able to give cash right now."

**RESPONSE**:  Chase admits that it received a faxed copy of the referenced ATM receipt after the initial investigation had been concluded and after it reversed the provisional credit.

49. At the time the Bank requested this information, the Bank already had the information.

**RESPONSE**:  Denied.

50. On information and belief, the Bank did not conduct any further investigation or otherwise comply with the requirements of 15 U.S.C. § 1693f upon receiving the receipt showing that the ATM did not dispense any cash to Plaintiff.

**RESPONSE**:  Denied.

51. On December 2, 2023, Plaintiff sent a letter to the Bank notifying the Bank that she was disputing the Alleged Withdrawal; requesting an explanation why the Bank did not reverse the Alleged Withdrawal; and demanding that the Bank provide the documentation the Bank relied upon in concluding that the alleged withdrawal "was processed according to the information [Plaintiff] provided or was authorized."

**RESPONSE**: Denied.

52. The Bank received this letter on December 11, 2023.

**RESPONSE**: Denied.

53. Receipt of the letter was confirmed by the USPS, tracking number 92071901324734001944258364.

**RESPONSE**: Denied.

54. Following receipt of the letter, the Bank did not conduct an investigation.

**RESPONSE:** Denied.

55. Following receipt of the letter, the Bank did not determine whether an error had occurred.

**RESPONSE:** Denied.

56. Following receipt of the letter, the Bank did not mail the results of such investigation and determination to Plaintiff.

**RESPONSE:** Denied.

57. Following receipt of the letter, the Bank did not provisionally recredit Plaintiff's Checking Account for the amount alleged to be in error.

**RESPONSE:** Chase denies the allegation in Paragraph 57 of the Complaint insofar as Plaintiff suggests that Chase was obligated to provisionally recredit her account under the circumstances alleged. Chase further avers that Plaintiff's account was permanently recredited for the amount alleged to be in error on or about February 23, 2024.

58. Following receipt of the letter, the Bank did not explain its findings to Plaintiff.

**RESPONSE:** Denied.

59. Following receipt of the letter, the Bank did not promptly deliver or mail to Plaintiff reproductions of all documents that the Bank relied upon to conclude that an error did not occur.

**RESPONSE:** Denied.

### COUNT I
### (Violations of EFTA)

60. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

**RESPONSE**:   Chase incorporates by reference its prior answers and denials to all paragraphs in this Answer as if fully set forth herein.

61.     The Alleged Withdrawal is an "error" as that term is defined by 15 U.S.C. § 1693f(f) and 12 C.F.R. § 1005.11(a).

**RESPONSE**:   The allegations in Paragraph 61 of the Complaint constitute a legal conclusion to which no response is required.

62.     Plaintiff notified the Bank of the error in accordance with 15 U.S.C. § 1693f(a) and the Bank's express and accepted directions.

**RESPONSE:** The allegations in Paragraph 62 of the Complaint constitute a legal conclusion to which no response is required.

63.     The Bank has failed to investigate the error, determine that an error has occurred, and report or mail the results of such investigation and determination within ten business days to Plaintiff in violation of 15 U.S.C. § 1693f(a).

**RESPONSE**:   Denied.

64.     The Bank has failed to provisionally recredit Plaintiff's accounts for the amount alleged to be in error, including interest as applicable, pending the conclusion of its investigation and its determination of whether an error has occurred in violation of 15 U.S.C. § 1693f(c).

**RESPONSE**:   Denied.

65.     The Bank has failed to deliver or mail to Plaintiff an explanation of its findings within three business days after the conclusion of its investigation in violation of 15 U.S.C. § 1693f(d).

**RESPONSE**:   Denied.

66. The Bank has failed to deliver or mail to the Plaintiff all documents the Bank relied upon to conclude that an error did not occur in violation of 15 U.S.C. § 1693f(d).

**RESPONSE**: Denied.

67. Plaintiff is entitled to actual damages in an amount to be determined at trial. 15 U.S.C. § 1693m(a)(1).

**RESPONSE**: Denied.

68. Plaintiff is entitled to statutory damages in an amount of at least $100.00 and not more than $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A).

**RESPONSE**: Denied.

69. Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1693f(e)(1).

**RESPONSE**: Denied.

70. Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1693f(e)(2).

**RESPONSE**: Denied.

71. Plaintiff is entitled to her reasonable attorney fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

**RESPONSE**: Denied.

### PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's prayer for relief for which an answer is not required. To the extent an answer is required, Chase denies that Plaintiff is entitled to the relief requested in this section.

### AFFIRMATIVE DEFENSES

Chase alleges the following separate and distinct affirmative defenses. By referring to the following allegations as "Affirmative Defenses," Chase does not concede that it bears the burden of proof as to such allegations.

1. The Complaint, and each purported claim for relief alleged therein, fails to state a claim upon which relief can be granted.

2. Plaintiff, by reason of her conduct, has waived some or all of the rights she asserts in the Complaint.

3. By reason of her acts and/or conduct, Plaintiff has unclean hands and is not entitled to some or all of the relief sought through her Complaint.

4. The Complaint, and each purported claim for relief alleged therein, is barred in whole or in part by the doctrine of estoppel.

5. The incidents alleged in the Complaint, and the alleged damages and injuries, if any, to Plaintiff, were proximately caused or contributed to by Plaintiff's own breach of contract, negligence, participation, or other acts or omissions.

6. Plaintiff's claims against Chase are barred by the failure of Plaintiff and/or her agents and representatives to follow the contract documents, including, without limitation, the Deposit Account Agreement.

7. Plaintiff's claims against Chase may be barred or limited by the economic loss rule.

8. Plaintiff's claims fail where the alleged damages are too remote or speculative.

9. The Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff has been paid all sums earned by Plaintiff and that are due and owing to

Plaintiff.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff or offset.

11. At all times relevant to this action, Chase has acted in good faith, acted reasonably, and dealt fairly with Plaintiff, and did not directly or indirectly commit or induce any act upon which liability against Chase can be predicated.

12. Chase alleges on information and belief, without admitting the existence of any duties or obligations as alleged in the Complaint, that any duties or obligations, contractual or otherwise, which Plaintiff claims are owed by Chase to Plaintiff have been legally excused.

13. The Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff had knowledge of, acquiesced in, approved of, consented to, and/or ratified some or all of the acts, conduct or omissions alleged in the Complaint.

14. The Complaint, and each purported claim for relief alleged therein, may be barred due to Plaintiff's misrepresentation of material facts relating to the alleged transaction.

**ADDITIONAL AFFIRMATIVE DEFENSES**

To the extent that additional affirmative defenses have not been alleged herein, Chase reserves the right to amend its Answer to allege additional affirmative defenses.

DATED this 22nd day of April, 2024.

/s/ John A. Wharton
John A. Wharton
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Tel: (303) 572-6500
whartonj@gtlaw.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2024, a true and correct copy of the foregoing document was electronically filed using the CM/ECF electronic filing system, which will send an electronic copy of this filing on all counsel of record.

*s/ John A. Wharton*
John A. Wharton
