IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-183-~~NYW~~ CNS-NRN

BRENDA GONZALEZ,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.

    Defendant.

---

**~~[PROPOSED]~~ SCHEDULING ORDER**

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling conference is set for April 24, 2024, at 10:30 a.m. Counsel for each party are as follows:

Counsel for Plaintiff: Daniel Vedra of Vedra Law LLC, located at 1444 Blake Street, Denver CO, 80202, (303) 937-6540.

Counsel for Defendant: John A. Wharton of Greenberg Traurig, LLP, located at 1144 15th Street, Ste. 3300, Denver, CO 80202, (303) 572-6500.

## 2. STATEMENT OF JURISDICTION

<u>Plaintiff</u>: Jurisdiction is proper based on 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

<u>Defendant</u>: Chase acknowledges that jurisdiction is based on 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g). However, Chase further avers that jurisdiction is lacking in this case insofar as Plaintiff cannot establish standing for want of a concrete injury.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff</u>:

Plaintiff Brenda Gonzalez ("Plaintiff") brings this action to vindicate her rights under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"). Plaintiff maintained a personal checking account with Defendant JPMorgan Chase Bank, N.A. (the "Defendant"). Plaintiff attempted to withdraw $800.00 from an ATM owned and operated by the Defendant. The ATM did not dispense the cash to Plaintiff, which she was going to send to her uncle to pay for his medical care. Instead, the ATM dispensed a receipt confirming that the Defendant was not "able to give cash right now." Nevertheless, the Defendant debited Plaintiff's account and refused to credit Plaintiff's bank account permanently for the withdrawal that the Defendant's own records show was not processed. After multiple disputes under EFTA, the Defendant willfully and erroneously concluded that the withdrawal was processed as authorized, caused Plaintiff's bank account to be overdrawn, and inhibited Plaintiff from sending money to her uncle for his medical care. Then, the Defendant threatened Plaintiff will further collection actions if she did not pay back the money that she had taken from her account.

<u>Defendant</u>:

Defendant JPMorgan Chase, N.A. ("Chase") denies that Plaintiff is entitled to the relief sought in the Complaint, and further denies that Plaintiff has been damaged as alleged. Despite Plaintiff's allegation that she was "inhibited . . . from sending money to her uncle for his medical care," [Doc. 1 at ¶ 2], she expressly admits that *after* she notified Chase the ATM did not dispense cash, Chase "provisionally credited Plaintiff's checking account and permitted her to withdraw the funds she needed to help with her uncle's medical care." [Doc. 1 at ¶ 28]. Notably absent from the Complaint is any allegation that Plaintiff was deprived of the funds *after* she withdrew the cash. Moreover, and in any event, Plaintiff has been permanently reimbursed the entire $800.00. Accordingly, the Complaint fails to establish any concrete injury Plaintiff suffered.

## 4. UNDISPUTED FACTS

The following facts are undisputed: Defendant proposed including a list of undisputed facts, however, Plaintiff believes the best way to narrow the disputed facts is for Defendant to file an Answer.

## 5. COMPUTATION OF DAMAGES

<u>Plaintiff</u>:

1. Plaintiff seeks actual damages under the EFTA, including damages for

2

emotional distress, pursuant to 15 U.S.C. § 1693m(a)(1), and trebled under 15 U.S.C. § 1693f(e).

2. Plaintiff seeks statutory damages under 15 U.S.C. § 1693m(a)(2) in the amount of $1,000.

4. Plaintiff's non-economic damages are not capable of precise disclosures as contemplated by Fed. R. Civ. P. 26(a)(1)

5. Plaintiff is entitled to her reasonable attorney fees and cost pursuant to 15 U.S.C. § 1693m(a)(3).

<u>Defendant</u>:

Chase denies that Plaintiff is entitled to damages. Chase has not asserted any claim for damages and is not presently seeking damages from Plaintiff. Chase reserves the right to seek recovery of damages as well as its actual costs and/or attorneys' fees under any legally recognized basis.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

March 29, 2024.

**b. Names of each participant and party he/she represented.**

Daniel J. Vedra, representing Plaintiff.

John A. Wharton, representing Defendant.

**c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

<u>Plaintiff</u>: Plaintiff submitted her Rule 26(a)(1) Disclosures on April 11, 2024.

<u>Defendant</u>: Chase submitted its Rule 26(a)(1) Disclosures on April 11, 2024.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

3

None.

    **e. Statement concerning any agreements to conduct informal discovery:**

None.

    **f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to number deposition exhibits consecutively.

    **g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not expect the claims or defenses in this case to involve extensive electronically stored information. If each party has electronically stored information, it will all be subject to disclosure and/or discovery. The parties expect to exchange all relevant documents in Portable Document Format (PDF) unless otherwise impracticable.

    **h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Plaintiff's Position: Defendant has requested an early settlement proposal. So far, Defendant has been unable to produce the information Plaintiff has requested to consider such a request.

Defendant's Position: Defendant has requested that Plaintiff make a settlement demand or quantify her claimed non-economic damages. Plaintiff's counsel advised that "[t]o consider making a settlement offer, we need to see Chase's dispute file, all communications sent and received concerning the disputes, call recordings, any audits of the ATM in question, and Chase's policies and procedures for handling EFTA disputes. This may not be everything." Chase has disclosed to Plaintiff correspondence regarding Plaintiff's ATM activity and continues to gather additional information.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

4

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

~~Plaintiff: The presumptive number of depositions (10) and interrogatories (25) shall be permitted.~~

~~Defendant: The presumptive number of depositions and interrogatories is not justified in this case. Defendant proposes a maximum of two (2) depositions per side, exclusive of expert depositions; and ten (10) interrogatories per side, including discrete subparts.~~

Each side shall be limited to 4 depositions, excluding experts. Each side shall be limited to 15 interrogatories.

b. **Limitations which any party proposes on the length of depositions.**

~~Plaintiff: All depositions shall be limited to seven hours.~~

~~Defendant: All depositions shall be limited to four (4) hours.~~

Depositions shall not exceed 7 hours parties, all other fact depositions are limited to 4 hours. For retained experts, depositions shall not exceed 7 hours.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

~~Plaintiff: Each party may serve a maximum of 30 requests for production and 25 requests for admission.~~

~~Defendant: Each party may serve a maximum of 10 requests for production and 10 requests for admission.~~

Each side shall be limited to 15 requests for production, and 15 requests for admission.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

All written discovery requests must be served ~~sixty (60)~~ forty-five (45) days before the discovery cutoff.

e. **Other Planning or Discovery Orders**

~~OBJECTIONS TO DISCOVERY REQUESTS:~~

5

~~Plaintiff: Plaintiff seeks the Defendant to agree that there will be no general objections included in discovery responses for three important reasons: 1. It makes it unclear whether the "general objection" applies to any specific request and the rules require specific objections, e.g., Rule 33 (b)(4) "The grounds for objecting to an interrogatory must be stated with specificity."; 2. There is no clear indication that by including general objections as to whether or not any information is actually being withheld based on the objection; 3. To the extent that the general objection is based on privilege or work product, a party who asserts a privilege or work product must comply with Rule 26(b)(5) that requires the party to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Therefore, a general objection on these grounds is not appropriate.~~

~~Plaintiff also seeks the Defendant to agree that if a specific objection is made by a party to a discovery request, the party must state whether or not there is any discovery being withheld on the basis of the objection. This can alleviate unnecessary motion practice for the parties. If there is no discovery withheld, then there is no need for a motion to compel if there is an issue as to the viability of the objection.~~

~~Defendant: Defendant reserves its right to assert general objections to Plaintiff's discovery requests and will assess its objections to Plaintiff's discovery requests, if any, upon review of the requests, if any. Additionally, to the extent Plaintiff requests a specific document from Chase, Chase agrees that it will state whether or not such document exists. However, Chase reserves its right to specifically object to a document request if the request is so broad that Chase cannot reasonably identify documents covered by Plaintiff's request.~~

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

June 10, 2024.

b. **Discovery Cut-off:**

October 24, 2024.

c. **Dispositive Motion Deadline:**

November 22, 2024

d. **Expert Witness Disclosure**

1. The parties shall identify anticipated fields of expert testimony, if any.

6

<u>Plaintiff</u>: Plaintiff may disclose a witness in the areas of damages and reasonableness of Defendant's procedures for investigating EFTA disputes.

<u>Defendant</u>:  Chase may disclose experts in rebuttal to Plaintiff's experts.

    2.    Limitations which the parties propose on the use or number of expert witnesses.

The Parties agree to no more than one expert per topic, per side. <span style="color:red"><u>Each side shall be limited to 2 retained expert witnesses, absent leave of court.</u></span>

    3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 1, 2024**.

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or **before September 1, 2024**.

e.    **Identification of Persons to Be Deposed:**

<u>Plaintiff</u>:

- A Rule 30(b)(6) Designee of Defendant
- Any person who investigated Plaintiff's dispute
- The person responsible for reconciling Defendant's ATM

<u>Defendant</u>:

- Plaintiff Brenda Gonzalez
- Any individual reasonably believed to possess information related to Plaintiff's non-economic damages (Plaintiff's Complaint does not plead non-economic damages).

## 10.  DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: <span style="color:red">Telephonic Status Conference is set for July 24, 2024, at 10:30 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom A401, Fourth floor, Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado 80294. Five minutes prior to the start of the hearing, the parties shall call the conference line 571-353-2301, Access Code 841686937# to participate.</span>

b. A final pretrial conference will be held in this case on _____ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

7

## 11.  OTHER SCHEDULING MATTERS

   a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

   b. **Anticipated length of trial and whether trial is to the court or jury.**

Maximum of four days to a jury, likely three days.

   c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

<u>Plaintiff</u>: The scheduling order may be altered or amended only upon a showing of good cause.

<u>Defendant</u>: The scheduling order may be altered or amended only upon a showing of good cause or by agreement of the Parties.

8

DATED at Denver, Colorado, this 24th day of April 2024.

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge

APPROVED:

/s/ Daniel J. Vedra
_____
Daniel J. Vedra
1444 Blake Street
Denver, CO 80202
303-937-6540

/s/ John Wharton
_____
John A. Wharton
Greenberg Traurig, LLP
1144 15th Street, Ste. 3300
Denver, CO 80202
John.wharton@gtlaw.com
(303) 572-6500